**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-31052
Summary Calendar

_____

RESOLUTION TRUST CORPORATION, ETC., ET AL,

Plaintiffs,

FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff - Counter Defendant-Appellee,

VERSUS

JAMES J. GAUDET, HAROLD HEIDINGSFELDER, EMILE J.LECLERE, JR.,
ROBERT S. MALONEY, SR., ROBERT S. MALONEY, JR., ALBRO P.MICHELL,  JR,
EDWARD W. RIEDL, SR., AND JOSEPH G. SCHEIB, JR.,

Defendants-Counter Claimants-Appellants.

_____

No. 98-31061
Summary Calendar

_____

RESOLUTION TRUST CORPORATION, In its Corporate Capacity as Receiver of Citizens
Homestead Federal Savings Association; ET AL,

Plaintiffs,

FEDERAL DEPOSIT INSURANCE CORPORATION,

Plaintiff-Appellee & Cross-Appellant,

VERSUS

JAMES J. GAUDET, HAROLD HEIDINGSFELDER, EMILE J.LECLERE, JR.,
ROBERT S. MALONEY, SR., ROBERT S. MALONEY, JR., ALBRO P.MICHELL,
EDWARD W. RIEDL, SR.,

Defendants-Appellants & Cross-Appellees.

JOSEPH G. SCHEIB, JR,

Defendant Cross-Appellee.

_____

Appeals from the United States District Court
for the Eastern District of Louisiana
(92-CV-2661-E)

_____

August 2, 1999

Before DAVIS, DUHÉ and PARKER Circuit Judges.

Per Curiam:*

This case consists of three consolidated appeals, each dealing with attorney's fees and costs. After the district court dismissed Federal Deposit Insurance Corporation's ("FDIC") suit against a number of directors and officers of a failed savings and loan institution ("the Gaudet defendants"), these defendants presented their counterclaim for attorney's fees and costs under La R.S. 6:786 (f). The district court denied relief on their counterclaim and awarded costs for the counterclaim to FDIC. The Gaudet defendants challenge this order in docket number 97-31052. Sometime later, the district court awarded fees and expenses to the Gaudet defendants under the Equal Access to Justice Act on FDIC's principal demand and FDIC appealed that ruling in docket number 98-31206. Finally, the Gaudet defendants appealed the district court's rejection of their supplemental application for additional fees and expenses on the main demand in docket number 98-31061. For reasons that follow, we affirm in part, reverse in part and remand to the district court.

I.

In docket number 97-31052, the Gaudet defendants appeal the dismissal of their counterclaim, brought under La. R.S. 6:786(f), for attorney's fees and costs. While the district court rejected the counterclaim for other reasons, *FDIC v. Scott*, 125 F.3 254 (5th Cir. 1997) (decided after the district court's decision was rendered), requires us to conclude that the district court had no jurisdiction to entertain the counterclaim because the Gaudet defendants have not exhausted their administrative remedies.[2] For this reason, we vacate the order of the district court and remand the case to the

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] In *Scott*, we held that:
> "In enacting FIRREA, Congress established a comprehensive administrative procedure for the resolution of claims against a failed financial institution held in receivership by the FDIC. All creditors or other persons having such claims must first present them to the receiver for an administrative determination of whether they should be paid. 12 U.S.C. §§ 1821(3)-(13). Congress explicitly deprived federal courts of subject matter jurisdiction over claims not so presented." *Scott*, 125 F.3d 254, 256.

2

district court with instructions to dismiss the case for lack of jurisdiction.

The Gaudet defendants also assert that the district court erred when it awarded costs to FDIC. Based on Federal Rule 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Gaudet defendants argue that because FDIC's original claim was dismissed, the Gaudet defendants are the prevailing parties in the lawsuit. However, FDIC prevailed in the counterclaim. Therefore, upon dismissal of the Gaudet defendants' counterclaim, the district court did not err in awarding costs to FDIC.

## II.

In docket number 98-31206, the FDIC appeals the district court's award of attorney's fees in the amount of $42,989.50 under the Equal Access to Justice Act ("EAJA") to the Gaudet defendants for successfully defending the RTC's suit. The FDIC argues that EAJA waiver of sovereign immunity does not apply to this suit because it sounds in tort. The relevant section of the EAJA provides that:

> "[A] court shall award to a prevailing party . . . fees and expenses . . . incurred by that party in *any civil action (other than cases sounding in tort) . . . brought by or against the United States* . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d) (emphasis supplied).

The EAJA waiver is to be strictly construed. *Fenton v. Federal Ins. Adm'r*, 633 F.2d 1119, 1122 (5th Cir. 1981). Therefore, the Gaudet defendants must show (1) that the case did not sound in tort and that (2) the United States was not substantially justified.

The FDIC sued the Gaudet defendants on two causes of action--gross negligence and breach of fiduciary duty. Both of these theories sound in tort. The district court reasoned that the tort exception of the statute did not apply because the Gaudet defendants were defending a tort suit rather than asserting a tort suit. We are unable to read such a distinction in the statute. The plain words of the EAJA make it clear that it does not apply to actions sounding in tort brought *by* or *against* the United States. Therefore, the district court erred in awarding attorney's fees to the Gaudet defendants pursuant to the EAJA.

The Gaudet defendants' appeal of the district court's denial of their supplemental request for

3

attorney's fees (No. 98-31061) is moot based on our conclusions stated above.

Conclusion

III.

In docket number 97-31052, we vacate the district court's judgment rejecting the Gaudet defendants' counterclaim for attorney's fees on the merits. We remand this case to the district court with directions to dismiss this action for lack of jurisdiction. We affirm the district court's award of costs of this counterclaim to FDIC.

In docket number 98-31206, we reverse the district court's judgment awarding attorney's fees to the Gaudet defendants and render judgment in favor of FDIC. In docket number 98-31061, we affirm the district court's rejection of the Gaudet defendants' request to assert a supplemental request for fees.

AFFIRMED in part, REVERSED in part and REMANDED.